## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-mj-108-FHM |
| | ) | |
| DANIEL RAY HARDY, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>OPINION AND ORDER</u>

Before the Court is the Motion to Dismiss Complaint of Defendant Daniel Ray Hardy ("Hardy") [Dkt. # 32]. The motion seeks dismissal of the Complaint because "it does not allege that [Hardy] engaged in interstate travel after SORNA [Sex Offender Registration and Notification Act, 42 U.S.C. § 16901 *et seq.*] became law (triggering the registration *required by SORNA*)." Motion to Dismiss at 4 (emphasis in original).[1]

*Background*

In 1997, Hardy was convicted in Iowa of assault to commit sexual abuse. He served a sentence of incarceration and was discharged on August 31, 1998. At the time of his discharge he was registered as a sex offender as required by Iowa law. Thereafter, it appears that Hardy went to Kansas and South Dakota, before moving to Oklahoma. In July 2007, Hardy came to the attention of Tulsa Police officers investigating a complaint of improper sexual activity involving a juvenile female and a young man. When police

---

[1]   The purpose of SORNA  is "to protect the public from sex offenders and offenders against children" by establishing "a comprehensive national system" for the registration of sex offenders. 42 U.S.C. § 16901.  One who fails to register as required by SORNA is subject to criminal prosecution under 18 U.S.C. § 2250.

ran Hardy's name through the National Crime Information Center records, they learned that Hardy was a sex offender and that he had failed to register in the State of Oklahoma.

Thereafter, a Complaint and an arrest warrant were issued for Hardy [Dkt. ## 1 & 2]. Hardy made his Initial Appearance before the undersigned on September 10, 2007 [Dkt. # 5]. An issue of mental competency arose and Hardy has been in custody undergoing psychiatric evaluation ever since. On September 9, 2008, the Court conducted Hardy's competency hearing. At that time, Defense counsel announced an intention to move for dismissal of the Complaint. Accordingly, this motion took precedence over the competency ruling.

***Legal Standard***

A Complaint is a "written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 3. The Complaint must be signed under oath before an appropriate judicial officer. *Id.* The defense may test whether there is probable cause to support a Complaint through the preliminary hearing. Fed. R. Crim. P. 5(d)(1)(D); Fed. R. Crim. P. 5.1. The defendant may also test the legal sufficiency of the Complaint through an appropriate motion under Rule 12 of the Federal Rules of Criminal Procedure. Fed. R. Crim. P. 12.

Hardy is alleged to have violated SORNA by not registering as a sex offender as required by federal law. Defendant contends that an essential element of the alleged offense is interstate travel and that the Complaint against him is legally defective because it "does not allege that Hardy traveled in interstate commerce after SORNA's enactment and/or its effective application date." Motion to Dismiss at 5.

To fully appreciate Defendant's challenge to the Complaint, certain key dates must be noted:

June 1997        Hardy pleads guilty in Sioux City Iowa to a charge of Felony Assault to Commit Sexual Abuse.

June 4, 1998     Hardy registers as a sex offender with the Woodbury County Sheriff's Office in Iowa.

Aug. 31, 1998    Hardy completes his sentence and is released from custody.

Sept. 2001       Hardy has moved to Oklahoma and is receiving state benefits.

July 27, 2006    Congress passes SORNA ("the Act").  Pursuant to the Act, the U.S. Attorney General was given authority to specify the applicability of the registration requirements of the Act to sex offenders convicted before July 27, 2006.  42 U.S.C. § 16913(d).

Feb. 27, 2007    The U.S. Attorney General issues an interim rule declaring SORNA applicable to *all* sex offenders, including those convicted before the enactment of the Act.

Sept. 7, 2007    A Complaint was filed alleging that Hardy had failed to register as a sex offender as required by SORNA.

*Discussion*

Congress enacted SORNA in order to close loopholes in prior sex offender registration statutes and attempt to "standardize registration across the states."  *United States v. Ditomasso*, 552 F.Supp.2d 233, 236 (D.R.I. 2008).  In 1994 Congress passed the Jacob Wetterling Act[2] ("Megan's Laws"), 42 U.S.C. § 14071, which required all states to enact some form of sex offender registration law or face losing certain federal funding.  By 1996 every state, the District of Columbia and the Federal Government had adopted some form of Megan's Law.  *Smith v. Doe*, 538 U.S. 84, 90 (2003).  Under the Oklahoma Sex Offender Registration Act, Okla. Stat. tit. 57, §581 *et seq.*, a sex offender must

--------------------------------------------------

[2]      Jacob Wetterling was 11 years old when he was abducted in Minnesota in 1989. He remains missing.  42 U.S.C. § 16901(1).

register with the State Department of Corrections and the local law enforcement authority

for the jurisdiction in which the offender intends to reside or stay for more than five days.

Okla. Stat. tit. 57, § 583(B)(1)( & (2).  The Oklahoma Act was effective Nov. 1, 1989.

Thus, Hardy was required to register under this state provision when he came to

Oklahoma.

SORNA is part of the Adam Walsh Child Protection and Safety Act of 2006.[3]

The Act can be divided into two parts – one part dealing with the states and one applying

to individuals.  *Dimasso*, 552 F.Supp.2d at 236.  SORNA requires states to implement

sex offender registration procedures complying with the Act's requirements.  42 U.S.C.

§§ 16924(a), 16925(a).  These new state registries would include standard information

and be compatible with a national electronic database.  42 U.S.C. §§ 16912, 16918,

16919.

The Act provides:

(a) In general

A sex offender shall register, and keep the registration current, in each
jurisdiction where the offender resides, where the offender is an employee,
and where the offender is a student. For initial registration purposes only,
a sex offender shall also register in the jurisdiction in which convicted if
such jurisdiction is different from the jurisdiction of residence.

(b) Initial registration

The sex offender shall initially register--
(1) before completing a sentence of imprisonment with respect to the
offense giving rise to the registration requirement; or
(2) not later than 3 business days after being sentenced for that offense, if
the sex offender is not sentenced to a term of imprisonment.
(c) Keeping the registration current

---

[3]      Adam Walsh was six years old when he was abducted from a shopping mall in
Hollywood, Fla.  He was later found murdered.

A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.

(d) Initial registration of sex offenders unable to comply with subsection (b) of this section

The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before July 27, 2006 or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section.

(e) State penalty for failure to comply

Each jurisdiction, other than a Federally recognized Indian tribe, shall provide a criminal penalty that includes a maximum term of imprisonment that is greater than 1 year for the failure of a sex offender to comply with the requirements of this subchapter.

42 U.S.C. § 16913.

The Act also provides a criminal penalty for those individuals who do not register as required:

(a) In general.--Whoever—

(1) is required to register under the Sex Offender Registration and Notification Act;

(2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or

(B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and

(3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;

shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 2250.

The Complaint against Hardy is based on § 2250.  Defendant argues that because the Complaint does not allege that he traveled interstate *after* SORNA became law, it is legally deficit.  The corollary of this argument is that Hardy cannot be prosecuted under SORNA because he traveled to Oklahoma before SORNA was enacted (July 27, 2006) and before the U.S. Attorney General issued his interim rule that the Act applied retroactively (February 27, 2007).  The affidavit in support of the Complaint against Hardy states that Hardy had been receiving benefits through the Oklahoma Department of Human Services since September 2001.  Affidavit of Dep. U.S. Marshal William A. Kinnebrew at ¶ 17.  Thus, it appears that Hardy traveled to Oklahoma nearly five years before SORNA was enacted and nearly five-and-a-half years before the Attorney General's interim rule on retroactivity.  Hardy contends that interstate travel is an essential element of an offense under 18 U.S.C. § 2250 and he cannot be penalized criminally for travel that occurred before SORNA was enacted.

Several courts have examined and rejected the argument that Defendant presents here.  In *United States v. Pitts*, 2008 WL 474244 (M.D.La. Feb. 14, 2008), defendant Pitts had been convicted of sex offenses in Virginia in 1992.  Upon his release from custody he was required by Virginia law to register as a sex offender with the Virginia State Police and re-register within 30 days of any change of address.  *Id.* at *2.  Pitts failed to comply with the statute in October 1999 and a warrant was issued for his arrest. In November 2006, Pitts was arrested in Louisiana.  The government contended that he had traveled from Virginia to Louisiana sometime between October 1998 and February 2001.  At the time of his arrest, Pitts had not registered as a sex offender as required by

Louisiana law.  Pitts was indicted under 18 U.S.C. §2250(a) for failing to register and update his registration.

Pitts argued that the government could not enforce the criminal penalties of § 2250 against a defendant who traveled in interstate commerce prior to either the enactment of SORNA or the promulgation of the Attorney's General's interim rule.  Pitts argued – as Hardy does here – that the use of the word "travels" in § 2250 means the statute can only apply to those who travel interstate *after* enactment of the Act.  *Id.* at *3.

The district court rejected these arguments.  The Court held that the element of interstate travel in § 2250 was a "jurisdictional element."  *Id.*[4]  "It serves as an invocation of congressional power to create binding legislation and does not criminalize interstate travel.  Therefore, the interstate travel element does not inflict retroactive punishment and the application of 18 U.S.C. § 2250 to this defendant does not violate the Ex Post Facto Clause."  *Id.*  The Court further noted that limiting the reach of SORNA only to those sex offenders who engaged in interstate travel after enactment of the statute "would be clearly contrary to the intent of Congress to create a *comprehensive* national database of

---

[4]    One court has held that § 2250 is unconstitutional because it exceeds Congress' authority under the Commerce Clause.  *United States v. Powers*, 544 F. Supp. 2d 1331, 1336 (M.D.Fla. 2008).  Most courts have rejected *Powers*.  *See, e.g.*, *United States v. Trent*, _ F.Supp.2d _, 2008 WL 2897089 (S.D.Ohio July 24, 2008); *United States v. Shenandoah*, 2008 WL 3854454 (M.D.Pa. August 20, 2008); *United States v. Torres*, 2008 WL 3974307 (W.D.Tex. August 21, 2008).

Another court has recently held that §16913 exceeds Congress' power under the Commerce Clause because it "require[s] sex offenders convicted of state sex offenses and who do not travel in interstate commerce to update their sex offender registration after changing their name, address, employment, or student status."  *United States v. Hall*, _ F.Supp.2d_, 2008 WL 4307196 at *12 (N.D.N.Y. 2008).  And because "the duty to register as a sex offender pursuant to § 16913 is a predicate for a conviction under § 2250(a), . . . the constitutional defect of § 16913 taints § 2250(a)."  *Id.*

sex offenders and offenders against children for the protection of the public."  *Id.*

(emphasis in original).

Similarly, in *United States. v. Akers*, 2008 WL 914493 (N.D.Ind. April 3, 2008),

the Court rejected an argument that there was no nexus between the criminal activity at

issue and interstate travel sufficient for § 2250 to qualify as a permissible regulation of

interstate commerce.  *Id.* at *2.  The Court stated:

> SORNA focuses on sex offenders who travel between states and does not
> purport to reach offenders who remain within a single state, thus providing
> the jurisdictional basis and interstate nexus necessary to bring SORNA
> within Congressional authority.  Further, the interstate travel requirement
> provides the rational basis necessary for concluding that "SORNA is
> substantially related to the public's protection from sex offenders who
> interstate travel may frustrate any one State's ability to monitor."

*Id.* at *4 (citing *United States v. Dixon*, 2007 WL 4553720 at *5 (N.D.Ind. Dec. 18,

2007)).

The Court finds persuasive the reasoning of *Pitts* and *Akers*.  The interstate travel

element of § 2250(a)(2)(B) is a jurisdictional element that provides the basis for

legitimate federal action.  Hardy is not being prosecuted for interstate travel and he is not

being prosecuted for conduct occurring before either the date SORNA was enacted or the

date of the Attorney General's interim rule.  Rather, the basis for the prosecution is

Hardy's failure to register as a sex offender *after* February 27, 2007 – the date that the

registration requirements of SORNA were clearly made applicable to him.

Accordingly, the Court finds the Defendant's Motion to Dismiss should be and is

hereby **DENIED**.

IT IS SO ORDERED, this 7th day of October, 2008.

Paul J. Cleary
United States Magistrate Judge