IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-mj-108-FHM |
| ) | |
| DANIEL RAY HARDY, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is the Defendant Daniel Ray Hardy's ("Hardy") Motion to Reconsider. [Dkt. # 38]. Hardy asks that in light of the Tenth Circuit Court of Appeals' recent ruling in *United States of America v. Michael Ray Husted*, -- F.3d --, 2008 WL 4792339 (10th Cir. Nov. 5, 2008) ("*Husted*") the Court reconsider its previous denial of his Motion to Dismiss Complaint [Dkt. # 32]. In *Husted* the Court held that that Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16901 *et seq.*, does not reach defendants – such as Hardy – who traveled in interstate commerce *before* SORNA's effective date.[1]

### I.
### *Background*

In 1997 Defendant Daniel Ray Hardy ("Hardy") was convicted in Iowa of assault to commit sexual abuse. He served a sentence of incarceration and was discharged in

---

[1] Congress adopted SORNA on July 27, 2006. Pursuant to SORNA, the U.S. Attorney General was given authority to determine the applicability of SORNA's registration requirements to sex offenders convicted before July 27, 2006. 42 U.S.C. §16913(d). On Feb. 27, 2007, the U.S. Attorney General issued an interim ruling declaring SORNA applicable to all sex offenders, including those convicted before enactment of the Act.

August 1998. At the time of discharge Hardy was registered as a sex offender in accordance with Iowa law. Sometime in 2001 Hardy moved to Oklahoma. By September 2001 – five years before enactment of SORNA – Hardy was living in Oklahoma and receiving state benefits.

In July 2007, Hardy came to the attention of Tulsa police. When Hardy's name was run through National Crime Information Center records, Police discovered his past sex offense as well as the fact that he was not registered as a sex offender in Oklahoma. In September 2007, a Complaint and an arrest warrant were issued against Hardy in the Northern District of Oklahoma. Hardy appeared in Court on the Complaint on September 10, 2007. At the Initial Appearance, Hardy's attorney advised the Court of his concerns regarding the Defendant's mental competency. A formal motion for psychiatric examination was filed on Sept. 12, 2007, and Hardy has been the subject of mental health treatment and evaluation for the past year.[2]

## II.
### *Applicable Legal Standard*

A district court has "inherent authority to reconsider its rulings as long as it retains jurisdiction over a matter." *See United States v. Smith*, 389 F.3d 944, 949-51 (9th Cir. 2004), *cert. denied*, 544 U.S. 956 (2005), (law of the case doctrine is inapplicable to court's decision to reconsider an order over which it has not been divested of jurisdiction). On Oct. 22, 2008, the Court denied Defendant's Motion to Dismiss the Complaint. Two weeks later, the Tenth Circuit issued its opinion in *Husted* creating new

---

[2]   On Oct. 22, 2008, the Court entered its Opinion and Order finding Hardy presently incompetent to stand trial/assist in his defense and returning him to the custody of the U.S. Attorney General for further mental evaluation. [Dkt. # 37]. After the Motion to Reconsider was filed, the Court stayed Hardy's transfer until this matter could be resolved. [Dkt. # 39].

law in this circuit and directly affecting the viability of the Oct. 22 ruling. Since this Court has not been divested of jurisdiction in this case, it has inherent authority to reconsider and correct its prior decision.

### III.
### *Discussion*

The Complaint against Hardy asserted a violation of the criminal provision regarding failure to register as a sex offender under SORNA. 18 U.S.C. §2250. That provision states:

> (a) In general.--Whoever--
> (1) is required to register under the Sex Offender Registration and Notification Act;
> (2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or
> (B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and
> (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;
> shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 2250(a).

The key element at issue today is the provision of section 2250(a)(2)(B) that makes the statute applicable to one who "travels in interstate or foreign commerce." Hardy argued in his motion to dismiss that to be subject to prosecution under §2250, he must have traveled interstate *after* July 27, 2006 – the date SORNA was enacted. The Court rejected that argument based on its review of the extant law including the holdings of courts around the country that interstate travel was not an essential element of a violation of § 2250, but merely a "jurisdictional element" giving the federal courts

3

jurisdiction of such offenders. *E.g.*, *U.S. v. Pitts*, 2008 WL 474244 (M.D.La. Feb. 14, 2008).

*Husted* now makes it clear that § 2250 does not apply to a defendant "whose interstate travel was complete prior to [SORNA's] effective date." *Husted*, 2008 WL 4792339 *7. The Complaint and Affidavit concerning Hardy offer no basis to conclude that Hardy traveled interstate after SORNA's effective date. Indeed, the Affidavit recites that Hardy "has been receiving benefits within the State of Oklahoma since September 2001." [Dkt. # 1, Affidavir of Dep. U.S. Marshal William A. Kinnebrew at ¶ 17]. Obviously, if Hardy was receiving benefits in Oklahoma in 2001, his travel here was complete before SORNA was enacted in 2006. Thus, pursuant to *Husted*, Hardy is not subject to prosecution under the federal statute.

Armed with the *Husted* opinion, the Court held a status conference on Nov. 20, 2008. At that hearing, the Government orally moved to dismiss the Complaint against Hardy in the pending case. The Court finds that in light of *Husted*, the Complaint is not supported by probable cause since there is no evidence that Hardy traveled interstate *after* passage of SORNA. Accordingly, the Government's Motion to Dismiss is hereby **GRANTED**.

DATED this 21st day of November 2008.

_____
Paul J. Cleary
United States Magistrate Judge